IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| PAUL WHITE, : | |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | |
| DONJON SHIPBUILDING AND : | |
| REPAIR, LLC, DONJON MARINE : | |
| CO., INC. and SEAJON II, LLC, : | |
|     Defendants. : | No.   1: 15-CV-00215 |

## MOTION TO REMAND

NOW COMES Paul White, Plaintiff herein, by counsel, McNair Law Offices, PLLC and Timothy D. McNair, Esquire, and respectfully moves this Court, pursuant to 28 U.S.C. § 1447(c), to remand the above-entitled case to the Erie County Court of Common Pleas, respectfully representing:

1.    This action was initiated on June 3, 2015, through the filing and service of a Writ of Summons and a Motion for Pre-Complaint Discovery. Subsequently, the Court of Common Pleas issued an Order granting the Motion for Pre-Complaint Discovery; Defendants Donjon Marine Co., Inc and Seajon II, LLC provided partial, incomplete answers to the discovery. Defendant Donjon Shipbuilding and Repair failed completely to respond to the discovery.

2.    On August 3, 2015, Plaintiff filed in the Erie County Court of Common Pleas and served upon defendants a complaint setting forth a claim for damages suffered as the result of the negligence of the owners of a vessel in maintaining a very dangerous condition and failing to give adequate warning of it. *See,* Notice of Removal, Exhibit 1 (Doc. 1-3).

3.    On August 24, 2015, Defendants filed a Notice of Removal, removing the case

from the Erie County Court of Common Pleas to the United States District Court for the Western District of Pennsylvania.

4. In their Notice of Removal, Defendants recite that "Plaintiffs claims are within the admiralty or maritime jurisdiction of this Court, which has original jurisdiction of this action as set forth in 28 U.S.C. § 1333 (1). Notice of Removal, ¶ 8 (Doc. 1).

5. Defendants assert in paragraph 9 of the Notice of Removal that no act of Congress expressly precludes removal of this action. This is incorrect.

6. 28 U.S.C. § 1333 (1), relied upon by Defendants in their Notice of Removal, states " The District Courts shall have original jurisdiction, exclusive of courts of the states of: (1) Any civil case of admiralty or maritime jurisdiction, **saving to suitors in all cases all other remedies to which they are otherwise entitled**" (emphasis added). To the extent this an admiralty case, it is non-removable based upon over 200 years of precedent and hundreds of cases where district courts have remanded claims under similar circumstances. Further, this is a case of common law negligence, rather than admiralty. The ship itself is not a party to this case; Plaintiff seeks no *in rem* remedy against it.

7. Upon receipt of the Notice of Removal, Plaintiff questioned Defendant as to why the case was removed in violation of 28 U.S.C. § 1333 (1), and was told that the Defendants were relying on the case of ***Lu Junhong v. Boeing Co.,*** 2015 U.S. App. LEXIS 11733, 2015 WL 4097738 (7th Cir. July 8, 2015). *See,* redacted email from Stephen Calder, Esquire, to Timothy McNair, Esquire, dated 8/25/2015, *Exhibit 1*.

8. The ***Lu Junhong*** case has no applicability to this case, nor does it constitute

a Circuit Court decision that the Saving to Suitors clause no longer applies to maritime claims filed in state courts. In that case, the 7th Circuit, per Judge Easterbrook, expressly declined to rule on the Saving to Suitors clause issue, stating, *inter alia*,

> "Perhaps it would be possible to argue that the saving-to-suitors clause forbids removal, without regard to any language in Section 1441. But Plaintiffs, who have not mentioned the saving-to-suitors clause, do not make such an argument. . . . they are free to waive or forfeit that right-which given the scope of §1333(1) concerns venue rather than subject-matter jurisdiction. Boeing therefore was entitled to remove these suits to federal court."
> **Lu Junhong,** *supra*, Slip Op., at 21.

Since the Seventh Circuit Court of Appeals found that the Plaintiffs had waived the Saving-to-Suitors clause, the **Lu Junhong** case does not support Defendant's assertion that this Court has removal jurisdiction over this case, and it does not impede Plaintiff's request to remand this maritime case to the Court of Common Pleas based on the Saving-to-Suitors clause.

9. Plaintiff pointed out to Defendants on August 25, before the filing of their Answer and Motion to Dismiss, that the authority upon which they claim to rely did not apply. Plaintiff requested Defendant to stipulate to a remand of this case; Defendant has declined and apparently intends to press it case forward in this Court notwithstanding Plaintiff's objection and invocation of the Saving-to-Suitors clause of 28 U.S.C. §1331.

10. Plaintiff is entitled to his costs and a reasonable attorney fee for preparing, briefing, filing and arguing this Motion for Remand, pursuant to 28 U.S.C. § 1447(c).

WHEREFORE, Plaintiff respectfully moves this Court, pursuant to 28 U.S.C.

3

§1447(c) to remand this case to the Court of Common Pleas of Erie County, Pennsylvania and to require payment of just costs and actual expenses, including a reasonable attorney fee for work necessitated by this improper removal.

        Respectfully submitted,

        MCNAIR LAW OFFICES, PLLC

        By:    s/Timothy D. McNair
                    Timothy D. McNair, Esquire
                    821 State Street
                    Erie, PA 16501
                    (814) 452-0700
                    Fax: (814) 454-2371
                    tmcnair@mcnairlaw.com
                    Attorneys for Plaintiff