# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## ERIE DIVISION

| | |
|---|---|
| PAUL WHITE, | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DONJON SHIPBUILDING AND | : |
| REPAIR, LLC, DONJON MARINE | : |
| CO., INC. and SEAJON II, LLC, | : |
|     Defendants. | :    No.    1: 15-CV-00215 |

## **PLAINTIFF'S REPLY BRIEF ON MOTION TO REMAND**

NOW COMES Paul White, Plaintiff herein, by counsel, McNair Law Offices, PLLC and Timothy D. McNair, Esquire, and in reply to the Brief in Opposition to Plaintiff's Motion to Remand, heretofore filed by Defendants, respectfully responds:

The Defendant, predictably, argues that the minor alteration and re-arrangement of 28 U.S.C. § 1441 somehow nullifies the "saving-to-suitors" clause of 28 U.S.C. § 1333 (1). The majority of District Courts who have considered the matter have found, quite logically, that "Section 1333 (1) is perforce an Act of Congress and that the Act has been interpreted for decades as preserving to maritime suitors the rights to pursue maritime tort claims in state courts. Hence, maritime tort actions remain nonremovable in the absence of an independent basis of federal jurisdiction." ***Mitev v. Resort Sports Limited***, Case Number 15-CV-22707-UU, SD Fla., Document 33, dated 09/23/2015, attached; *See also,* ***Nassau County Bridge Authority v. Olsen, et al.,*** 2:14-cv-05197, E.D.N.Y, Doc. 32, 9/19/2015.

In ***Mitev, supra,*** as in the vast majority of cases cited by Plaintiff in his principal brief, the Court noted that the rationale urged by the Defendant was accepted by a small

minority of courts and that the argument raised by the Defendant simply ignores the savings-to-suitors clause of 1333 (1).

The Defendants' reliance on **Lu Junhong v Boeing Co.,** 2015 U.S. App. LEXIS 11733  2015 WL 4097738 (7th Cir., July 8 2015). is completely misplaced.  In the *Lu Junhong* case, the Court clearly recognized that the "Savings-to-Suitors" clause would be an impediment to remand, but found that the Plaintiffs had waived the argument.  Since there is no question but that a Maritime action may be brought in the federal courts, the peculiar decision in Lujong Hong makes a little sense, but to attempt to apply it to a case where a Plaintiff is asserting the "Savings-to-Suitors" clause as it has been interpreted for the last couple of centuries and **Romero v. International Terminal Operating Co.**, 358 U.S. 354 (1959), which clearly held that the non-removal of maritime claims from state court is governed by Section 1333 (1) which was not altered within the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Section 103, Pub. L. No. 12-63, 125 Stat. 759.  The saving-to-suitors clause which has been uniformly interpreted by United States Federal Courts since *Romero*, with the exception of the few decisions provoked by the illogical holding in **Ryan v. Hercules Offshore, Inc.**, 945 F 2d 772 (SD Tex. 2013) and the minor swell of cases after that, which has now abated, mandates remand of this case to the Erie County Court of Common Pleas.

Contrary to Defendant's assertion, Plaintiff does maintain that 28 U.S.C. §1331(1) expressly forbids removal of this action. Defendant's statement in this regard is peculiar, to say the least. Most, if not all, of the recent cases considering this question have found that §1331(1) expressly precludes removal. There is no support for the contrary argument.

2

Defendant makes the novel argument that because at some point the American Law Institute suggested a provision specifying that maritime actions would not be removable somehow means that Congress intended to make them removable by not including that language in the bill. It is just as likely that Congress saw no reason to create another statute forbidding removal in light of the well established jurisprudence under 28 U.S.C. 1331(1). The American Law Institute is not Congress, and its deliberations are not legislative history. As noted in Plaintiff's brief, there is no legislative history in Congress suggesting that Congress ever considered that this bill would affect removal of maritime cases and overturn hundreds of years of precedent. It is clear that the Federal Courts Jurisdiction and Venue Clarification Act, Pub. L. No. 112-63, 125 Stat. 759 was not so intended. If it were, 28 U.S.C. §1331(1) would have been amended; it was not, and remains a federal statute precluding removal of this case.

The Defendant had no reasonable basis to remove this action to federal court. The case relied upon by Defendants, *Lu Junhong, supra, expressly precludes consideration fo the saving-to-suitors clause*. Given that there is not a reasonable basis to remove this action in light of the savings-to-suitors clause, the only conclusion can be that the removal was made in bad faith. Plaintiff is filing contemporaneously herewith the exhibit referenced in his Motion, which was inadvertently omitted, wherein Plaintiff cautions Defendant against removal and advises Defendant that the Lujong Hong case is inapposite since it was not decided based on the saving-to-suitors clause.

This Court should grant Plaintiff's Motion to Remand, direct the Clerk to remand this case to the Erie County Court of Common Pleas for further proceedings, including

3

disposition of Defendant, Donjon Shipbuilding and Repair's Motion to Dismiss and order

payment of attorneys fees in accordance with the statement to be submitted by counsel for the Plaintiff.

        Respectfully submitted,

        MCNAIR LAW OFFICES, PLLC


        By:    s/Timothy D. McNair
                   Timothy D. McNair, Esquire
                   821 State Street
                   Erie, PA 16501
                   (814) 452-0700
                   Fax: (814) 454-2371
                   tmcnair@mcnairlaw.com
                   Attorneys for Plaintiff