# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL WHITE,  )  <br>  Plaintiff    )  <br>           ) <br> vs.        ) <br>           ) <br> DONJON SHIPBUILDING ) <br> AND REPAIR, LLC, et al, ) <br>  Defendants.   ) | C.A.No. 15-215ERIE <br><br> District Judge Rothstein <br><br> Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I. RECOMMENDATION

It is respectfully recommended that Plaintiff's motion to remand to state court [ECF No. 8] be granted and Defendants' motion to dismiss [ECF No. 3] be dismissed as moot. This matter should be remanded to the Erie County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Plaintiff's request for attorney's fees should be denied.

## II. REPORT

### A. Relevant Procedural History

This case involves the removal of a putative admiralty case from state court to federal court. Plaintiff has filed a motion to remand this case to the state court. Defendants have filed a motion to dismiss pursuant to Rule 12(b)(6). The present motions are ripe for disposition by this Court.

1

Plaintiff originally filed this case in the Erie County Court of Common Pleas. In his complaint, Plaintiff sets forth a negligence claim stemming from injuries he received while working on a tugboat. Plaintiff named the following as Defendants to that action: Donjon Shipbuilding and Repair, LLC, Donjon Marine Company, Inc., and Seajon II, LLC.

Plaintiff Paul White is a maritime electrician who was employed by Top Hand, LLC, an employment agency. Plaintiff was injured while working on the tugboat *The Yankee*.[1] The tug was located at the Defendant's shipyard in Erie, Pennsylvania, where it was undergoing repairs. On September 24, 2014, Plaintiff claims he was seriously injured while descending a ship's ladder from the bridge to the bow deck on *The Yankee*.[2] The ladder or staircase was missing a bottom step and Defendants created a dangerous condition by negligently repairing it with a steel strap. Plaintiff suffered damage to his ankle which required surgery.

Plaintiff filed his complaint in the Erie County Court of Common Pleas on August 3, 2015. Plaintiff alleged that "the injuries sustained […] were the direct and proximate result of the negligence of Seajon II, LLC and its general partner, Donjon Marine Company, LLC." ECF No. 1, page 14, ¶ 13. As relief, Plaintiff seeks monetary damages "in an amount in excess of the limit

---

[1] Allegedly, *The Yankee* was owned by Seajon II (which is a limited liability partnership between Donjon Marine Company and Seacor, Inc.). Donjon Marine Company is a general partner in Seajon II and maintains responsibility for the operation of the vessel.

[2] Although not specifically pled as such in the complaint, in their briefing both parties refer to the *Yankee* as being berthed in Donjon's graving dock. A graving dock is "a permanent structure on land with gates that allow vessels to enter and that then can be closed to drain out the water. In other words, it is a dry dry-dock." Vasquez v. GMD Shipyard Corp., 582 F.3d 293, 298 (2d Cir. 2009). See also J.M.L. Trading Corp. v. Marine Salvage Corp., 501 F.Supp. 323, 326 n.2 (E.D.N.Y. 1980). ("A graving dock looks like a huge, concrete bathtub sunk into the ground.... When repairs are completed, workers flood the dock until the water reaches the same level as the water outside the gate. It is opened and the ship leaves.").

for mandatory arbitration, together with pre-judgment interest, costs of suit and such other and further relief as the Court deems just." Id. at page 16.

On August 24, 2015, Defendants filed a Notice of Removal which maintained that removal to this Court under 28 U.S.C. § 1441(a) was proper based on admiralty or maritime jurisdiction as outlined in 28 U.S.C. § 1333(1). ECF No. 1. Neither party invokes diversity jurisdiction of this Court. Following the removal of this action, Defendants filed an answer and a motion to dismiss. ECF No. 2; ECF No. 3. Thereafter, Plaintiff filed a motion to remand the matter back to state court. ECF No. 8. The parties have each filed briefs in opposition to the pending motions.

**B. Removal**

A defendant may generally remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). The statute provides: "except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have ongoing jurisdiction, may be removed by the defendant or the defendants, to the district of the United States for the district and division embracing the place where such action is pending." Id.

The burden of establishing removal jurisdiction rests with Defendants. Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 359 (3d Cir. 1995). Once an action is removed, a plaintiff may challenge removal by seeking a remand of the case back to state court. Remand to the state court is appropriate if the district court lacks subject matter jurisdiction. PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993). Remand is mandatory and can occur at any time during the

litigation if the court determines that it lacks federal subject matter jurisdiction. 28 U.S.C. § 1447(c).

Absent diversity of citizenship, proper removal requires that the underlying state court complaint present a question of federal law. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). To determine whether an action rests upon a federal claim, courts follow the "well-pleaded complaint" rule and look to the face of the complaint. Id. at 392. See also Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). "Importantly, the presence of a federal issue in a state claim does not automatically confer federal jurisdiction." Potter v. Phoenix, 2016 WL 430570, at *2 (D.N.J. Feb. 3, 2016) citing Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986).

Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). "Where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court." Potter, 2016 WL 430570, at *1, citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). See also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal status strictly … Indeed, all doubts about jurisdiction should be resolved in favor or remand to state court.").

If a plaintiff wishes to proceed under admiralty jurisdiction, the complaint must contain an identifying statement so indicating. MacFarland v. U.S. Fidelity & Guar. Co., 818 F.Supp. 108, 111 (E.D. Pa. Apr. 7, 1993). See also Fed.R.Civ.P. 9(h)(1). In this case, the complaint does

not allege that this case is governed by maritime law. Instead, it is Defendants who invoke this Court's jurisdiction under admiralty in their Notice of Removal. See ECF No. 1, page 2, ¶ ¶ 8-9.

Title 28 U.S.C. § 1333 states "the districts courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) any civil case of admiralty or maritime jurisdiction, *saving to suitors* in all cases all other remedies to which they are otherwise entitled." Id. (italics added). The so-called "savings to suitor" clause preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims. Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 445 (2001).[3] This rule "effectively provides a plaintiff who has an in personam claim the choice of proceeding in an ordinary non-removable civil action in a state or federal court, rather than bringing a libel in admiralty in federal court." 14 Fed. Prac. & Proc. Jurisdiction § 3672 (4th ed.). "In other words, admiralty, in and of itself, does not create federal question jurisdiction so that a claim filed in state court can be removed to a district court." Sea-Land Serv., Inc. v. J&W Import/Export, Inc., 976 F.Supp. 327, 329-30 (D.N.J. 1997).

Generally, there is no right to a jury trial in an admiralty case. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 247 (3d Cir. 2013) quoting Complaint of Consolidation Coal Co., 123 F.3d 126, 132 (3d Cir. 1997) ("Admiralty suits are not 'suits at common law,' which means that when a district court has only admiralty jurisdiction under 28 U.S.C. § 1331(a), the plaintiff does not have a jury-trial right."). See also Fed.R.Civ.P. 38(e) (providing that the Rules "shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)."). Because Plaintiff seeks a trial by jury on his negligence

---

[3] The Supreme Court has noted that "what the drafters of the Judiciary Act intended in creating the savings to suitors clause is not entirely clear and has been the subject of some debate." Lewis, 531 U.S. at 444.

claim (albeit only after this matter was removed to federal court), this case should be remanded to state court under the saving to suitors clause.

### C. Request for Attorney's Fees

Despite recommending remand, this Court should not award Plaintiff the requested attorney's fees and costs. Under 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

"The standard for awarding fees should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. And conversely, "when an objectively reasonable basis exists, fees should be denied." Id.

There is no basis for the award of attorney's fees and Plaintiff's request should be denied.

## III. CONCLUSION

It is respectfully recommended that Plaintiff's motion to remand to state court [ECF No. 8] be granted and Defendants' motion to dismiss [ECF No. 3] be dismissed as moot. This matter should be remanded to the Erie County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Plaintiff's request for attorney's fees should be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation by March 9, 2016. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. <u>See</u> Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. <u>See</u> <u>Brightwell v. Lehman</u>, 637 F.3d 187, 194 n.7 (3d Cir. 2011); <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 24, 2016